Turley, J.
delivered the opinion of the court.
Charles T. Porter executed his last will and testament on the 5th day of February, 1822, by which he devised (after the payment of all his just debts,) every species of his property, both real *51 and personal, to his wife Sarah Porter* with power, to dispose of and appropriate the same as she might deem proper amongst her children.
In the year 1835, Sarah Porter departed this life, leaving her last will and testament by which, after a specific legacy to her daughter Sarah Iiogain, of one mahogany side board and one dozen gilt Windsor chairs, she devised all the balance of her property, both real and personal, that she died possessed of, consisting of four hegroes, viz: Charlotte, Abraham, Ann and Warner, household and kitchen furniture, farming utensils, wagons, gears, &c., horses and lands to her three children, Sarah Hogain, Wm. Turner Conway, James Christopher Conway, and her grand son Joseph Porter Conway.
At the time of the death of the said Charles T. Porter, he had, deposited to his credit in Bank at Knoxville, the sum of four thousand two hundred and six dollars, which his widow Sarah permitted to remain undisposed of, being ignorant, as is believed, of the fact of its existence. The complainant is a grand child of the said Sarah, and files this his bill for a distributive share of the four thousand two hundred and six dollars, which he contends did not pass by her will, and also for a distributive share of the money and debts on hand and due her at the time of ¡her death, and which he also contends did not pass by her will.
The 1st question is, as to complainant’s right to a portion of the four thousand two hundred and six dollars, which he contends did not pass by the will of his deceased grand mother. We are of the opinion that in no point of view in which this question can be looked at can this pretended right be sustained. That the sum of money passed by the will of Charles T. Porter to his wife Sarah, subject to the trust for the benefit of her children, is not disputed; and whether she executed the trust in relation thereto or not, can make no difference to the complainant; he is not an object of the bounty of Charles T. Porter, and can claim nothing under his will.
That a power of appointment to children does not authorise an appointment to grand children, is too well settled to admit of controversy. See Sugden on Vendors, 501: Powell on Devises, 158: 4 Kent Com., 339, and the authorities there referred to for the truth of this proposition. The complainant then having no right to any *52 portion of this sum of money, cannot move a court of Chancery in relation thereto.
The 2nd question is, as to the complainant’s right to a distributive portion of the money on hands, and the debts due his grand mother, Sarah Porter, at the time of her death.
It is contended that money and debts due, did not pass under her will. The words of the will are, “I give and bequeath all the balance of my property, both real and personal, that I die possessed of, consisting of four negroes, viz: Charlotte, Abraham, Ann and Warner,-household and kitchen furniture, stock of all kind, wagons, gears, &c.” It is not denied that the words “all the balance of my property, both real and personal, that I die possessed of” are sufficiently comprehensive to pass all the.estate of the testatrix, but it is contended that the subsequent words which attempt to specify of what that estate consisted, limit the operation of these words, and confine them to the things specifically mentioned, viz: negroes, household and kitchen furniture, stock of all kinds, wagons, gears, &c. We do not think that this is the legal construction of the will. In the case of Williams vs. Williams, 10th Yerger, 25, this court says, “It is a principle, sanctioned alike by reason and by authority, that when one engages in an act so solemn and important as the execution and publication of a last will and testament, he is not to be presumed as intending, with reference to any portion of his property, to die intestate. Again, it is well settled that in the construction of last wills and testaments, the scope and import of the entire instrument are to be considered for the purpose of discovering the intention of the testator, and that such intention, when discovered, is of paramount and controlling influence.” Now, it is impossible to read the will of Sarah Porter without being satisfied that it was not her design to leave any portion of her estate undevised, and that it was her desire that it should go to the persons named as legatees in her will, and to give it the restricted construction contended for, would be a gross violation of both these intents. But we are furthermore of opinion, that the words ne-groes, household and kitchen furniture, stock of all kinds, wagons, gears, &c., are not in themselves restrictive of the general bequest of “all the estate, both real and personal,” of the testatrix. A few of the more prominent articles of the personal estate are specifically mentioned, and the words, &c. are then used with the design *53 to cover every thing else, and are sufficiently broad and comprehensive to do so.
We are, therefore, of the opinion that the complainant is entitled to no relief in any aspect of this case, and affirm the decree of the Chancellor, dismissing the bill.